The Honorable William Page Secretary Department of Health and Rehabilitative Services 1317 Winewood Boulevard Tallahassee, Florida 32301
Dear Secretary Page:
This is in response to your predecessor's request for an opinion on substantially the following question:
 ARE EMPLOYEES OF THE STATEWIDE HEALTH COUNCIL MEMBERS OF THE FLORIDA RETIREMENT SYSTEM PURSUANT TO ss. 121.021(11) AND 121.051(1), F.S. AND RULE 22B-1.04, FLA.ADMIN.CODE?
For the following reasons, it is my opinion that your question should be answered in the negative.
The Statewide Health Council (hereinafter "Council"), an advisory body to the Department of Health and Rehabilitative Services (hereinafter "department"), is described by s. 381.493(3)(u), F.S., as
 a state-level comprehensive health council which is advisory to the department, the membership of which consists of the 11 chairmen of the local health councils, two members appointed by the Governor, two members appointed by the President of the Senate, and two members appointed by the Speaker of the House of Representatives. (e.s.)
See also, s. 381.494(8)(h), F.S. (Council funded by assessment of fees on certificate-of-need applications); s. 381.494(8)(b) (department to obtain advice of Council concerning policy matters affecting administration of ss. 381.493-381.499, F.S.); s. 381.494(8)(d) (Council to be advised of determination by the department counter to the district plan of the local health council).
Your letter states that the funds described by s. 381.494(8)(h), F.S., are received by the department; by contract between the department and the Council, the Council submits its budget, which includes staff salaries to the department which "provides the budget funds from the assessed fees." Supplemental information furnished to us by your office states that the Council's employees are recruited, hired and supervised solely by the Council according to its own personnel policies, and it is the opinion of your counsel that these employees "do not occupy regularly established positions," due to the method by which they are paid and the method by which they are hired and supervised. Counsel for your agency has informed us that the Council receives one lump sum from the department and that its employees are apparently not paid by state warrant, but rather by the Council's own disbursements, those funds not coming from, nor flowing through, an appropriations act.
Ch. 121, F.S., establishes the Florida Retirement System, s.121.051(1), F.S., providing in pertinent part:
Participation in the system. —
(1) COMPULSORY PARTICIPATION. —
 (a) The provisions of this law shall be compulsory as to all officers and employees, except legislators who meet the requirements of s. 121.052(1)(c), who are employed on or after December 1, 1970, of an employer other than those referred to in paragraph (2)(b), and each officer or employee, as a condition of employment, shall become a member of the system as of his date of employment. . . . (e.s.)
"Employer" is defined by s. 121.021(10), F.S., as "any agency . . . of the state . . . which participates in the system. . . ."
It seems clear that the Council is an agency of the state, since it is a legislatively-created body advisory to the department. See, ss. 381.493(3)(u); 381.494(8)(h) (Council funded by assessment of fees on certificate-of-need applications); 381.494(8)(b), F.S. (further describing Council's role as advisory body). Compare, AGO 79-74 (Tallahassee Memorial Regional Medical Center, Inc., since private, nonprofit corporation, is not a state agency for purposes of Ch. 121, F.S.). See also, ss. 20.03(7) and20.19(3), F.S. (discussion and recognition of the department's advisory councils); contrast, AGO 80-28 (county public health units not a part of the department, and hence not a part of the executive branch of state government).
The term "officer" or "employee," however, is defined by s.121.021(11), F.S., as "any person receiving salary payments for work performed in a regularly established position. . . ." (e.s.)
It is my opinion that the Council's employees do not fall within the meaning of the term "officer" or "employee" as that term is used in s. 121.051(1)(a), F.S., and defined in s. 121.021(11), F.S., such that they would come within the terms of s.121.051(1)(a). Rule 22B-1.04, F.A.C., which implements the provisions of s. 121.051(1), F.S., and tracks the provisions of s.121.021(11), provides in pertinent part that participation in the Florida Retirement System is compulsory for all officers and employees of any agency of the state who are filling a regularly established position as described in Rule 22B-1.04(5). This subsection of the rule both as it appears in the main volume and as amended and apparently renumbered in the current annual supplement to the Florida Administrative Code, reiterates that membership in the Florida Retirement System shall be compulsory if the employee is filling a regularly established position. Paragraph (a) of subsection (4), F.A.C. (1985 Supp.), defines "regularly established position" as "a position which is authorized pursuant to Section 216.262(1)(a) and (b), F.S., and is compensated from either a salaries appropriation as provided for in Section 216.011(1)(x)1. and 2., F.S., or a salaries account as provided for in Rule 3A-10.31, F.A.C." Personnel in the Executive Office of the Governor confirmed that the Council has no authorized positions pursuant to s. 216.262(1)(a) and (b), F.S. See, s. 216.011(1)(d), F.S. (defining "authorized position"); see also, Item No. 756 in Ch. 85-119, Laws of Florida, the 1985 Appropriations Act, showing no authorized positions for the Council.
Moreover, counsel for your agency has stated to this office that the Council's employees do not occupy "regularly established positions" as described by Rule 22B-1.04(4)(a), F.A.C. (1985 Supp.). The standards set forth by Rule 22B-1.04 are to considered presumptively valid; moreover, those standards represent the administrative construction of s. 121.051(1)(a), F.S., by the agency charged with its execution and implementation. As such, that interpretation is entitled to great weight and would be shown deference by the courts.
Attorney General Opinion 85-102; e.g., Pan American World Airways, Inc. v. Florida Public Service Commission, 427 So.2d 716, 719
(Fla. 1983). Accordingly, it appears that these employees do not meet the criteria for participation in the Florida Retirement System that are established by ss. 121.021(11), 121.051(1), F.S., and Rule 22B-1.04.
In summary, it is my opinion that employees of the Statewide Health Council are not members of, and are not eligible to participate in, the Florida Retirement System, in view of the express provisions of ss. 121.021(11) and 121.051(1), F.S., and since they do not occupy "regularly established positions" as that term is defined in Rule 22B-1.04(4)(a), F.A.C. (1985 Supp.).
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General